**Ken MARABLE, the senior Chief Engineer of The Washington State Ferries and a married man and his marital community, Plaintiff–Appellant,**

v.

**Mark NITCHMAN, former Director of Preservation and Maintenance of the Washington State Ferries; Douglas MacDonald, Director of the Washing-**

ton State Department of Transportation; Richard D. Phillips, a Staff Chief of the Washington State Ferries, Defendants–Appellees.

No. 06–35940.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Dec. 26, 2007.

Shawn G. Hart, Seattle, WA, for Plaintiff–Appellant.

Catherine Hendricks, Esq., Clayton G. Ramsey, Esq., Office of the Washington Attorney General, Seattle, WA, Lisa Leann Sutton, Esq., Office of the Washington Attorney General, Torts Division, Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM *

Ken Marable appeals the district court's dismissal of his case on a motion for summary judgment in favor of the defendants. Specifically, Marable appeals the district court's summary judgment dismissing the following causes of action for which Marable seeks both damages and injunctive relief to "protect [his] rights ... under the U.S. Constitution": 1) a 42 U.S.C. § 1983 claim alleging violation of his First Amendment rights as applicable to the states by way of the Fourteenth Amendment; 2) a 42 U.S.C. § 1983 claim alleging violation of his Fourteenth Amendment rights to procedural due process; 3) a Washington state law claim of negligent infliction of emotional distress; and 4) a Washington state statutory claim for whistleblower retaliation.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We address herein Marable's second, third, and fourth claims, as well as his claim for injunctive relief,[2] and we affirm.[3]

**Procedural Due Process**

Marable contends that defendant Mark Nitchman violated Marable's right to procedural due process when Nitchman presided over Marable's Washington State Ferries ("WSF") disciplinary (or "*Loudermill*") hearing in late 2002, despite Nitchman's purported bias against Marable. We have recognized two forms of bias that violate an individual's procedural due process rights: 1) where the decision maker has "direct, personal, substantial pecuniary interest in the proceedings," and 2) even when the decision maker does not stand to gain personally, but has a strong motive "to rule in a way that would aid the institution." *Alpha Epsilon Phi Tau Chapter Housing Ass'n v. City of Berkeley*, 114 F.3d 840, 844 (9th Cir.1997) (quoting *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749) (internal quotation marks omitted).

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Marable also brought a fifth claim, namely for breach of contract under Washington state law, but he does not appeal the district court's grant of summary judgment against that claim.

2. Marable's First Amendment claim for damages is the subject of a separate, published opinion filed at the same time as this memorandum disposition.

3. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

The district court did not err in dismissing Marable's procedural due process claims. A litigant's exercise of the right to protest a biased judge or similar arbiter must be timely. *See, e.g., Skokomish Indian Tribe v. U.S.*, 410 F.3d 506, 519 (9th Cir.2005) (en banc) ("A motion for recusal must be made with reasonable promptness after the ground for such a motion is ascertained.") (internal citations and quotations omitted). This principle applies here, in the context of a state employment disciplinary hearing, where Marable was represented by both a lawyer and a union representative. As the district court noted, although Mr. Nitchman is not a member of the judiciary, he was acting as a quasi-judicial fact finder in a proceeding governed by the Washington State Ferry's collective bargaining agreement with Marable's union, the Marine Employees' Beneficial Association, which is governed by federal labor law and the State of Washington's contract principles.

Marable did not protest Nitchman's role as presiding officer over his *Loudermill* hearing until two years after the hearing. The district court concluded that this delay was untimely because there was no reason why Marable would not have known of Nitchman's alleged biases at the time of the hearing. We agree. Marable alleges that the retaliation against him started as early as the summer of 2002, several months before Nitchman presided over his *Loudermill* hearing, suggesting that Marable would have known of Nitchman's purported biases at the time the hearing began. Further, Marable presents no relevant evidence, apart from his own allegations, to contradict the suggestion that he already knew of Nitchman's biases by late 2002.[4]

Finally, we reject Marable's argument that because 42 U.S.C. § 1983, under which he sues, imposes no requirement to exhaust state administrative remedies before filing suit in federal district court, *see Porter v. Nussle*, 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), he therefore did not need to timely object. As noted above, the general requirement that a litigator timely protest a biased arbiter applies here. Marable's argument misunderstands the district court's position. The district court did not dismiss Marable's claim because of any failure to *exhaust* administrative remedies. Rather, the district court dismissed Marable's claim because he failed even to *assert* a contemporaneous objection, let alone pursue it to exhaustion. Both state and federal courts recognize the importance of this timely objection requirement—regardless of whether the arbiter is at the state level or not—"because the absence of such a requirement would result in increased instances of wasted judicial time and resources and a heightened risk that litigants would use recusal motions for strategic purposes." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir.1991) (internal citations omitted). *See also Skokomish Indian Tribe*, 410 F.3d at 519 and *In re Carpenter*, 21 Wash.App. 814, 820, 587 P.2d 588 (1978).

Because Marable did not even articulate his displeasure with Nitchman's presiding role at the time of his hearing, despite his apparent awareness of Nitchman's purported biases, Marable waived his right to object to Nitchman's role through a procedural due process claim brought several years later.

**Negligent Infliction of Emotional Distress**

■ Marable claims that defendants Nitchman and Phillips repeatedly exposed

4. The several supporting witness declarations that Marable cites either do not implicate

Nitchman or concern events unrelated to Marable.

him to Oil Eater 99, a substance that they allegedly knew caused Marable to have difficulty breathing, aboard his ferry in retaliation for his criticism of their "pay padding." Washington state common law on negligent infliction of emotional distress ("NIED") in the workplace provides:

> An employee may recover damages for emotional distress in an employment context but only if the factual basis for the claim is distinct from the factual basis for the discrimination claim. . . . A claim . . . also requires that [the claimant] establish that the emotional distress is manifested by objective symptoms . . . [and] there must be objective evidence regarding the severity of the distress and the *causal link* between the actions of the employer and the subsequent *emotional* reaction of the employee.

*Haubry v. Snow*, 106 Wash.App. 666, 678–79, 31 P.3d 1186 (2001) (emphasis added). Marable's claim that a subsequent Washington case, *Kloepfel v. Bokor*, 149 Wash.2d 192, 66 P.3d 630 (2003), has overturned *Haubry*'s statements on negligent infliction of emotional distress lacks merit. *See Kloepfel*, 66 P.3d at 633 (overturning Haubry on other grounds).

Washington's NIED cause of action bars Marable's claim for two reasons. First, Marable's NIED claim has no factual basis independent from his general workplace discrimination claim; the Oil Eater exposure was, in fact, part of the retaliation for which Marable seeks redress under Washington's whistleblower statutes, discussed below.

Second, Marable has presented no objective evidence that he has suffered from emotional distress. Marable's medical report detailing his doctor's diagnosis of Marable's allergy to Oil Eater 99, as well as the notes that the doctor wrote for Marable to prescribe that Marable not be exposed to the substance at work, only establish that Marable is allergic to Oil Eater 99; Marable thus presents evidence that he suffered from physical symptoms associated with an allergic reaction. Marable also presents a witness declaration affirming Marable's assertion that defendant Phillips threatened Marable with continued use of Oil Eater 99. This evidence might present a triable issue of fact as to whether Phillips intended to expose Marable to the allergen, but it too does not prove that Marable presented any objective evidence of emotional, rather than physical, distress. Marable presents no evidence, apart from his own testimony, that he either sought treatment for or was diagnosed with any condition of emotional distress. The district court thus did not err in denying Marable's NIED claim.

## Washington Whistleblower Statutes

■ Marable also brings a claim against defendants Nitchman and Phillips under both R.C.W. § 49.60 *et seq.* (the Washington Law Against Discrimination or "WLAD"), and R.C.W. § 42.40 *et seq.* (the State Employee Whistleblower Protection Statute). The district court concluded that Marable had not presented a valid claim under WLAD because he had made no allegation that any of the behavior he experienced stemmed from discriminatory behavior prohibited by the WLAD. In its final dismissal order, the district court also dismissed Marable's claim under R.C.W. § 42.40 *et seq.*, reading that statute to create a cause of action only against an offending agency, not its individual employees. The district court did not err in dismissing Marable's claims under the Washington whistleblower statutes.

First, as the district court noted, the majority of the WLAD statute is inapplicable; the statute generally addresses and prohibits discrimination based on race, sex, national origin, religion, sexual orientation, physical disability, HIV status, or age, *see,*

*e.g.,* R.C.W. § 49.60.030, and Marable's claim involves neither discrimination on any of these bases nor retaliation based on such discrimination. The one WLAD provision potentially relevant to Marable's claim, namely R.C.W. § 49.60.210(2), provides: "It is an unfair practice for a government agency or government manager or supervisor to retaliate against a whistleblower as defined in chapter 42.40 RCW." Because WLAD thereby adopts chapter 42.40's whistleblower definition, Marable's entire statutory whistleblower cause of action depends on whether Marable meets this shared definition.

R.C.W. § 42.40.020(8) defines a whistleblower, in relevant part, as:

> (a) [a]n employee who in good faith provides information to the auditor in connection with an investigation under RCW 42.40.040 and an employee who is believed to have reported asserted improper governmental action to the auditor or to have provided information to the auditor in connection with an investigation under RCW 42.40.040 but who, in fact, has not reported such action or provided such information; or (b) an employee who in good faith identifies rules warranting review or provides information to the rules review committee, and an employee who is believed to have identified rules warranting review or provided information to the rules review committee but who, in fact, has not done so.

Elsewhere the section clarifies that the "auditor" refers to the office of the state auditor. R.C.W. § 42.40.020(1). Viewing the evidence in the light most favorable to Marable as the nonmoving party, *see Coszalter v. City of Salem,* 320 F.3d 968,

973 (9th Cir.2003), Marable has presented no evidence to suggest that he meets this definition. Marable admits that he did not contact the office of the Washington State Auditor, and he presents no evidence to suggest that the defendants believed him to have done so. Similarly, Marable presents no evidence that he identified any particular "rules warranting review," provided information to the rules review committee, or was perceived to have done either. Marable's tender of evidence tending to show that he was a generally vocal employee does not cure his inability to meet Washington's statutory whistleblower definition. The district court properly dismissed Marable's whistleblower cause of action.[5]

**Injunctive Relief**

■ Finally, Marable brings a claim for injunctive relief against defendants Nitchman, Phillips, and MacDonald to prevent future violation of his constitutional rights. To have standing to seek injunctive relief, Marable must show that without the injunction there would be a likelihood of repeated injury or future harm. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). This threat must be "real and immediate," rather than merely "conjectural" or "hypothetical." *Id.* (internal citations omitted). Past wrongs may bear on whether there is a threat of repeated injury, *O'Shea v. Littleton,* 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), but they do not, in themselves, demonstrate a present case absent "continuing, present adverse effects." *Lyons,* 461 U.S. at 102, 103 S.Ct. 1660.

---

**5.** Because we hold that Marable does not meet the statutory definition of a whistleblower under Washington law, we need not reach the issue of whether either the WLAD or chapter 42.40 provide a cause of action against individuals rather than only the employing agency.

Marable presents no evidence of a continuing harm, let alone a future harm. Though Marable contends that the alleged infringement of his constitutional rights occurred between 2000 and 2002, he waited three years to file suit and has continued to work for the WSF. Neither defendant continues to supervise Marable. Marable presents no evidence that defendant Phillips either participates in ongoing retaliation or presents a risk of future harm to Marable. Marable alleges that Nitchman's retaliation continued as recently as 2005. However, even these alleged instances took place more than two years ago and do not establish a future risk for Marable warranting injunctive relief. The district court did not err in granting defendants' summary judgment motion dismissing Marable's request for injunctive relief.[6]

**AFFIRMED.**

---

6. Because we affirm the district court's grant of defendants' summary judgment motions, we need not reach Marable's cross-appeals for summary judgment in his favor.

